UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HAROLD W. WAMPLER, III, as<br>Executor of the Estate of<br>Harold W. Wampler, Jr., et al.<br><br>Defendants. | Civil Action No.: 3:08 CV304<br><br>Judge Walter Rice |

**STIPULATED JUDGMENT REGARDING
FORECLOSURE AND ORDER OF SALE**

Pursuant to parties' Settlement Agreement and the Stipulated Partial Judgment, it is

hereby,

**ORDERED, ADJUDGED, AND DECREED** that the United States has valid and

subsisting federal tax liens on the following properties:

A. The following parcels of real estate located in Trotwood, Clayton and Harrison

Township, Ohio, and shall be referred to as the "Farm Properties":

1. Parcel E20 01007 0001, Wolf and Turner Road, 10.27 acres
2. Parcel E20 24320 0008, Old Barn Lane, .377 acres
3. Parcel E20 24320 0009, Old Barn Lane, .83 acres
4. Parcel E20 24320 0011, Old Barn Lane, 1.1 acres
5. Parcel H33 01505 0001, 3396 Cortez Dr., .396 acres
6. Parcel H33 01505 0002, 3380 Cortez Dr., .396 acres
7. Parcel H33 01505 0006, 3340 Cortez Dr., .327 acres
8. Parcel H33 01505 0007, 3330 Cortez Dr., 0258 acres
9. Parcel H33 01505 0026, Cortez Dr., .4 acres
10. Parcel H33 01505 0027, Cortez Dr., .294 acres
11. Parcel H33 01505 0028, 3355 Cortez Dr., .294 acres
12. Parcel H33 01505 0029, 3347 Cortez Dr., .283 acres
13. Parcel H33 01505 0031, 3329 Cortez Dr., .283 acres

2897454.1

14. Parcel H33 01505 0034, Cortez Dr., .069 acres
15. Parcel H33 02101 0108, Basore Rd. 5 acres
16. Parcel H33 02101 0109, Basore Rd. .02 acres
17. Parcel H33 02102 0178, Shiloh Springs Road, 18 acres
18. Parcel H33 02112 0009, Wolf Road, 63.7 acres
19. Parcel M60 03207 0023, Westbrook Road, 37 acres
20. Parcel E20 01006 0033, Shiloh Springs Road, 38.6 acres
21. Parcel E20 01006 0034, Shiloh Springs Road, 3 acres
22. Parcel E20 01006 0057, Shiloh Springs Road, 1.1 acres
23. Parcel H33 02101 0008, Shiloh Springs Road, 55.4 acres
24. Parcel H33 02101 0111, Shiloh Springs Road, .022 acres

B. The following parcels of real estate located in Trotwood, Clayton and Harrison Township, Ohio, and such properties shall be referred to as the "Harold and Ralph Properties":

1. Parcel E20 01007 0018, Turner Road, 3.7 acres
2. Parcel M60 00301 0001, Diamond Mill Road, 49.8 acres
3. Parcel M60 03101 0002, 5972 West National Road, 23.9 acres
4. Parcel M60 03101 0003, State Route 40, 30.67 acres
5. Parcel H33 02101 0049, 1001 Shiloh Springs Road (Hara Arena), 25.19 acres

**It is further ORDERED, ADJUDGED, AND DECREED** that upon the filing and from the date of the entry of this foreclosure judgment and order, the United States will proceed for a period of at least six months to offer for sale the Farm Properties and the Harold and Ralph Properties (the foregoing is sometimes referred to as the "Subject Properties") in public sales pursuant to the provisions of 28 U.S.C. §2001 *et seq.* except for (1) the "Hara Arena," understood to consist of Parcel Nos. H33-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 & 0055, and 5.44 acres of the 55.42 acres of H33-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; and (2) the "Golf Course," understood to consist of 31.15 of the 55.42 acres of Parcel No. H33-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, Parcel Nos. E20-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, E20-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, E20-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, H33-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, H33-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, H33-

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, and H33-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. The Subject Properties without the Golf Course and the Hara Arena will sometimes be referred to as the "First-Tier Subject Properties." The selection of the Auctioneer to conduct the public sale and the terms and conditions of the sale including the sale prices of the First-Tier Subject Properties shall be exclusively determined and approved by the United States. (The United States' right to select an Auctioneer includes the selection of a unit of the Internal Revenue Service that has substantial experience selling taxpayer property).

The Auctioneer (a) will distribute 50% of the net proceeds from the sale of the First-Tier Subject Properties to the United States if the property sold is one of the Harold and Ralph Properties and the other 50% (less any secured debt other than the federal tax liens that must be paid in order to obtain clean and marketable title) will be distributed to the Ralph Parties, and (b) will distribute 37.5% of the net proceeds from the sale of the First-Tier Subject Properties to the United States if the property sold is one of the Farm Properties and 50% will be distributed to the Ralph Parties (other than the Farm Corp.) and 12.5% to Harold Wampler III and Nancy Abraham to be divided between them according to their respective interests in their collective equity interest in the Farm Corp. (with any secured debt other than the federal tax liens that must be paid in order to obtain clean and marketable title being charged against the ownership interest of the parties other than the United States). The phrase "net proceeds" shall mean after payment of normal closing costs customarily borne by sellers, local real estate taxes, auctioneer's commissions, and related expenses. The Harold Parties and the Ralph Parties shall not have any right to object to any sale of the

First-Tier Subject Properties. The Harold Parties and the Ralph Parties shall cooperate and do what is necessary for the United States and the Auctioneer to sell the foregoing properties including without limitations the requirement to execute any deed and ownership documents necessary to convey title. In the event that the United States' tax claims are fully satisfied by the distribution from its share of the proceeds from the sale of the First Tier Subject Properties, any excess amount that remains from its share of the proceeds, will be distributed to the Harold Parties based upon their respective ownership interests in the First Tier Subject Properties.

**It is further ORDERED, ADJUDGED, AND DECREED** that in the event that after the conclusion of the six month period provided above, the United States tax claims are still not fully satisfied, the United States will have the right to file a motion for the appointment of a receiver pursuant to the provisions of 26 U.S.C. §7403(d) for the sale of any remaining Subject Properties (which includes the Hara Arena and the Golf Course). The selection of the receiver to sell the Subject Properties and the terms and conditions of the arrangement with the receiver shall exclusively be determined and approved by the United States. In the event that the property sold is part of the Harold and Ralph Properties, the Receiver will have the power to sell the properties and will thereafter distribute 50% of the net proceeds to the United States, then to pay any other debt that is secured by the applicable property and which payment is necessary to obtain clean and marketable title, and the remainder to the Ralph Parties except as provided below. In the event that the property sold is part of the Farm Properties, the Receiver will have the power to sell the properties and will

4

2897454.1

thereafter distribute 37.5% to the United States, and 50% to the Ralph Parties (other than the Farm Corp.) and 12.5% to Harold Wampler III and Nancy Abraham to be divided between them according to their respective interests in their collective equity interest in the Farm Corp., except that any other debt that is secured by the applicable property and which payment is necessary to obtain clean and marketable title, shall be charged ratably against the amounts due the parties other than the United States. The foregoing phrase "net proceeds" here shall mean after payment of normal closing costs customarily borne by sellers, local real estate taxes, and the receiver's reasonable compensation and expenses.

The Harold Parties and the Ralph Parties shall not have any right to object to any sale of the Subject Properties except for the sale of the Hara Arena and Golf Course, which will be limited to the grounds and terms as provided below. Notwithstanding the foregoing, the United States will consult about any minimum bid but the final decision shall be in the sole discretion of the United States. The Harold Parties and the Ralph Parties are to cooperate and to what is necessary for the United States and the Receiver to sell the foregoing properties including without limitations the requirement to execute any deed and ownership documents necessary to convey title, and agree to the entry of any motions reasonably necessary to accomplish the foregoing sales provided herein.

In the event that the United States' tax claims are fully satisfied by the distribution from its share of the proceeds from the sale of the Subject Properties, any excess amount that remains from the United States' share of the proceeds will be distributed to the Harold Parties based upon their respective ownership interests except that the distribution of the

proceeds from the sale of the Hara Arena to the parties other than the United States will be distributed as provided below.

**It is further ORDERED, ADJUDGED, AND DECREED** that in the event that the 50% distribution of the proceeds from the sale of the Hara Arena to the United States is more than necessary to satisfy its tax claims in this case, all of the remaining proceeds that would otherwise be distributed to the parties other than the United States will be deposited into the registry of the Clerk of this Court in recognition of the fact that there may be debt other than the secured debt that is paid from the sale of the Hara Arena that needs to be paid prior to the distribution to the owners of the property. The distribution of the foregoing funds to the Harold Parties and the Ralph Parties (other than Farm Corp.) will be determined by the Court or upon the agreement of the Harold Parties and Ralph Parties. In the event that this Court later decides that it does not have jurisdiction of such deposited funds, the Harold Parties and the Ralph Parties (other than Farm Corp.) shall have the right to file any action in the State Court of Ohio for a determination of the distribution of such deposited funds which may then be transferred to the State Court.

**It is further ORDERED, ADJUDGED, AND DECREED** that the United States will file a motion regarding any proposed sale of the Hara Arena and the Golf Course. The Harold Parties or the Ralph Parties will have 21 days from the date of filing of the foregoing motion to file an objection regarding the sale and the United States will have 21 days thereafter to reply. The right of the Harold Parties and the Ralph Parties to object to the sale will be limited to demonstrating that the proposed sale price is at least 20% below the fair market value of the Hara Arena and/or the Golf Course being sold, and they will also have the burden of proving that the proposed sale price is more than 20% below fair market value of such property.

_____
Judge Walter Rice
United States District Court

Date: 8-6-12

Agreed to by:

| United States of America<br>By: | Harold Wampler, III (Individually and as Executor of the Estate of Harold Wampler, Jr.)<br>By: |
|---|---|
| /s/Steve A. Sherman<br>Steve A. Sherman, Esq.<br>U.S. Justice Department<br>Tax Division, Room 7804<br>P.O. Box 55<br>Washington, D.C. 20044<br>Tel. 202-307-6404<br>Stephen.A.Sherman@usdoj.gov | /s/ John Rieser<br>John Paul Rieser, Esq.<br>Rieser & Associates LLC<br>7925 Graceland Street<br>Dayton, Ohio 45459<br>Tel. 937-224-4128<br>attyecfdesk@rieserlaw.com |

2897454.1

| | |
|---|---|
| Nancy Abraham<br>By:<br><br>/s/ John Rieser<br>John Paul Rieser, Esq.<br>Rieser & Associates LLC<br>7925 Graceland Street<br>Dayton, Ohio 45459<br>Tel. 937-224-4128<br>attyecfdesk@rieserlaw.com | Ralph M. Wampler, Jr. and Kimberly S. Wampler as Trustees of the Ralph M. Wampler Marital Trust and of the Ralph M. Wampler Tax Credit Trust<br>By:<br><br>/s/ Susan Solle<br>Susan D. Solle, Esq.<br>Densmore & Shohl<br>10 Courthouse Plaza, SW<br>Suite 1100<br>Dayton, Ohio 45402<br>Tel. 937-463-4929<br>susan.solle@dinsmore.com |
| H. Wampler Fruit Farm, Inc.<br>By:<br><br>/s/Susan Solle<br>Susan D. Solle, Esq.<br>Densmore & Shohl<br>10 Courthouse, SW, Suite 1100<br>Dayton, Ohio 45402<br>Tel. 937-463-4929<br>susan.solle@dinsmore.com | Treasurer of Montgomery County, Ohio<br>By:<br><br>/s/ Nolan Thomas<br>Nolan Thomas, Esq.<br>301 West Third Street<br>P.O. Box 972<br>Dayton, Ohio 45422<br>Tel. 937-225-5781<br>thomas@mcohio.org |