IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| UNITED STATES OF AMERICA | Civil Action No. 3:08 CV304 |
| Plaintiff, | Judge Walter Rice |
| v. | |
| HAROLD W. WAMPLER, III, as Executor of the Estate of Harold W. Wampler, Jr., et al., | ORDER OF SALE AND APPOINTING RECEIVER |
| Defendants. | |

This Court entered a Stipulated Partial Judgment and Order on July 26, 2010 (Docket No. 37), in favor of the plaintiff United States of America and against the defendant, the Estate of Harold W. Wampler, Jr., for unpaid federal tax liabilities. To allow for the collection of the unpaid federal tax liabilities, the Court entered a Stipulated Judgment Regarding Foreclosure and Order of Sale, dated August 6, 2012 (the "Foreclosure Judgment") (Docket No. 44), providing for the sale of twenty-nine parcels of real estate located in Trotwood, Clayton, and Harrison Township, Ohio, as well as the order of distribution of the net proceeds from those sales.[1] On November 28, 2016, the Court entered an order amending the Foreclosure Judgment (the "Amended Foreclosure Judgment"), to provide for a change in the distribution of the net proceeds from a sale of one of the properties, identified in the Foreclosure Judgment as the "Hara Arena," partially consisting of Parcel No. H33-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, 1001 Shiloh Springs Road,

---

[1] Several of the twenty-nine parcels of real property, known in the Foreclosure Judgment as the "First-Tier Subject Properties," were already sold pursuant to this Court's March 6, 2013 Supplemental Order of Sale. (Docket No. 46.)

Trotwood, Ohio, based on PNC Bank, N.A.'s ("PNC") first mortgage lien on that parcel.[2] (Docket No. 61.) Those terms of the Foreclosure Judgment that are not modified by the Amended Foreclosure Judgment are expressly incorporated by the Amended Foreclosure Judgment.

This Court now has for consideration the plaintiff United States of America's motion for order of sale and appointing receiver and for the adoption of additional terms and conditions to conduct the sale of certain properties identified in the Foreclosure Judgment as the "Hara Arena" and the "Golf Course." The United States seeks to appoint the Internal Revenue Service ("IRS") Property Appraisal & Liquidation Specialists ("PALS") as the receiver and to supplement the existing terms and conditions as provided in the Foreclosure Judgment and Amended Foreclosure Judgment. The Foreclosure Judgment provides, in relevant part, that the United States shall have the exclusive authority to select the receiver and to determine the terms and conditions of the arrangement with the receiver. With respect to the Hara Arena, the Foreclosure Judgment and Amended Foreclosure Judgment provide, in relevant parts, that the terms and conditions of the sale of the Hara Arena shall exclusively be determined by the United States and PNC. The United States' motion notes that the terms and conditions of the sale of the Hara Arena have been approved by counsel for PNC. Therefore and upon due consideration of the foregoing motion and good cause having been shown, it is hereby:

---

[2] In addition to Parcel No. H33 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, the Hara Arena also consists of 5.44 acres of the 55.42 acres of Parcel No. H33-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. PNC Bank's mortgage lien does not attach to those 5.44 acres of the Hara Arena and any proceeds related to the sale of those 5.44 acres shall be distributed in accordance with the Foreclosure Judgment.

2

ORDERED, that PALS is appointed as the receiver and is directed to take custody of and offer for public sale, or receivership sale pursuant to 26 U.S.C. §§ 7402(a) and 7403(d), the properties identified in the Foreclosure Judgment as the "Hara Arena" and the "Golf Course."

1. The terms and conditions for the receivership sale, if applicable, by the receiver of the Hara Arena and/or the Golf Course as set forth in the Foreclosure Judgment and Amended Foreclosure Judgment are supplemented as follows:

    a. The sale of the properties shall be free and clear of all rights, titles, claims, liens, and interests of all parties to this action, including without limitation, the plaintiff United States of America, the defendants Harold W. Wampler, III, individually and as the Executor of the Estate of Harold W. Wampler, Jr., Nancy L. Abraham (defendants Harold W. Wampler, III, individually and as the Executor of the Estate of Harold W. Wampler, Jr., and Nancy L. Abraham, are sometimes collectively referred to as the "Harold Parties"), Ralph M. Wampler, Jr., and Kimberly Sue Wampler, as trustees of the Ralph M. Wampler Marital Trust and of the Ralph M. Wampler Tax Credit Trust, the H. Wampler Fruit Farm, Inc. (defendants Ralph M. Wampler, Jr., and Kimberly Sue Wampler as trustees of the Ralph M. Wampler Marital Trust and of the Ralph M. Wampler Tax Credit Trust, and the H. Wampler Fruit Farm, Inc., are sometimes collectively referred to as the "Ralph Parties"), and PNC. The United States' and PNC's liens attach to the proceeds of such sales in the same manner and priority as their respective liens attached to the Hara Arena and/or the Golf Course prior to their sale.

    b. The sale shall be subject to building lines, if established, all laws, ordinances, and government regulations (including building and zoning ordinances) affecting the Hara Arena and the Golf Course, and easements, restrictions, and reservations of record, if any.

3

c. The receiver shall have the authority to arrange for the sale of the Hara Arena and/or the Golf Course, subject to approval by this Court, in any manner approved by the United States (and PNC as it relates to the sale of the Hara Arena). The Hara Arena and the Golf Course may be sold together or separately.

d. The terms of any purchase agreement shall require the balance of the purchase price to be paid in cash at closing, and will include an earnest money deposit, payable by cash or certified check, in an amount determined by the receiver and forfeitable upon the purchaser's failure to perform.

e. A receivership sale of the Hara Arena and/or the Golf Course shall be subject to approval by this Court.

f. The closing shall not occur (i) before the proposed sale has been approved by further order of this Court, or (ii) more than 45 days after the sale has been approved, unless the United States agrees to an extension. At closing, the successful purchaser(s) shall pay the balance of the purchase price for the Hara Arena and/or the Golf Course, as agreed. Any earnest money deposits and amounts received by the receiver shall be held in escrow, consistent with private sales, pending distribution as provided for herein or pursuant to further order of this Court. At the closing, ownership and possession of the Hara Arena and/or the Golf Course shall transfer to the purchaser(s), and all interests in, liens against, and titles and claims to, the Hara Arena and/or the Golf Course that are held or asserted by the parties to this action are discharged and extinguished. The United States' and PNC's liens attach to the proceeds of such sales in the same manner and priority as their respective liens attached to the Hara Arena and/or the Golf Course prior to their sale.

g. At the closing, the receiver shall execute and deliver a deed under the authority of this Court conveying the Hara Arena and/or the Golf Course, effective as of the date of the closing, to the successful purchaser(s), and the Recording Official of Montgomery County, Ohio, shall cause the transfer of the Hara Arena and/or the Golf Course to be reflected upon that county's register of title. The successful purchaser(s) shall pay, in addition to the purchase price, any documentary stamps and registry fees as provided by law.

h. If the purchaser(s) fail(s) to fulfill the requirement in paragraph 1.f., above, the sale shall be treated as null and void, and the deposit shall be forfeited as damages and applied to cover the expenses of the sale, with any amount remaining to be distributed in the same order as the proceeds of sale of the Hara Arena or the Golf Course are to be distributed under the Foreclosure Judgment and Amended Foreclosure Judgment. The Hara Arena and/or the Golf Course shall be again offered for sale under the terms and conditions of this order of sale. The successful purchaser(s) at the new sale shall receive the Hara Arena and/or the Golf Course free and clear of all rights, titles, claims, liens, and interests of the defaulting purchaser(s).

i. Until the Court approves the sale of the Hara Arena and/or the Golf Course, the IRS, PALS, and/or their representatives shall be permitted to enter the Hara Arena and/or the Golf Course with prospective buyers in order to allow prospective buyers to inspect the interior and exterior of the properties at such times as the IRS or PALS shall determine are reasonable and convenient.

14969567.1

j. The Clerk of the Court is directed to accept the deposits and proceeds of the sale and deposit them into the Court's registry for distribution pursuant to further Order of this Court.

2. The terms and conditions for the public sale, if applicable, by the receiver of the Hara Arena and/or the Golf Course as set forth in the Foreclosure Judgment and Amended Foreclosure Judgment are supplemented as follows:

a. The sale of the properties shall be free and clear of all rights, titles, claims, liens, and interests of all parties to this action, including without limitation, the plaintiff United States of America, the defendants Harold W. Wampler, III, individually and as the Executor of the Estate of Harold W. Wampler, Jr., Nancy L. Abraham (defendants Harold W. Wampler, III, individually and as the Executor of the Estate of Harold W. Wampler, Jr., and Nancy L. Abraham, are sometimes collectively referred to as the "Harold Parties"), Ralph M. Wampler, Jr., and Kimberly Sue Wampler, as trustees of the Ralph M. Wampler Marital Trust and of the Ralph M. Wampler Tax Credit Trust, the H. Wampler Fruit Farm, Inc. (defendants Ralph M. Wampler, Jr., and Kimberly Sue Wampler as trustees of the Ralph M. Wampler Marital Trust and of the Ralph M. Wampler Tax Credit Trust, and the H. Wampler Fruit Farm, Inc., are sometimes collectively referred to as the "Ralph Parties"), and PNC. The United States' and PNC's liens attach to the proceeds of such sales in the same manner and priority as their respective liens attached to the Hara Arena and/or the Golf Course prior to their sale.

b. The sale shall be subject to building lines, if established, all laws, ordinances, and government regulations (including building and zoning ordinances) affecting the Hara Arena and the Golf Course, and easements, restrictions, and reservations of record, if any.

14969567.1

c. The sale shall be held either at the courthouse of the respective county or city in which the Hara Arena and/or the Golf Course are located, or on such properties' premises or other location deemed appropriate by the receiver and approved by the United States (and PNC as it relates to the sale of the Hara Arena).

d. The receiver shall announce the date, time and location of the sale. The IRS, PALS, and their representatives shall be permitted to enter the Hara Arena and/or the Golf Course with prospective buyers in order to allow prospective buyers to inspect the interior and exterior of the properties at such times as the IRS or PALS shall determine are reasonable and convenient.

e. Notice of the auction shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Montgomery County, Ohio, and at the discretion of the receiver, by any other notice that the receiver deems appropriate. The notice shall contain a description of the Hara Arena and/or the Golf Course and shall contain the terms and conditions of the auction.

f. The receiver shall set and may adjust the minimum bids as approved by the United States (and PNC as it relates to the minimum bid for the Hara Arena). If any of the minimum bids are not met or exceeded in the initial auction, the receiver may, with the approval of the United States (and PNC as it relates to the minimum bid for the Hara Arena), and without further permission of this Court, hold a second public auction and if deemed appropriate reduce the minimum bids.

g. At the time of the sale, the successful bidder(s) shall deposit with the receiver, by money order or by certified or cashier's check payable to the Clerk of the United States District Court for the Southern District of Ohio, a deposit in an amount between five (5)

and twenty (20) percent of the minimum bid(s) as specified by the receiver in the published Notice of Sale. Before being permitted to bid at the sale, potential bidders shall display to the receiver proof that they are able to comply with this requirement. No bids will be accepted from any person(s) who have not presented proof that if they are the successful bidders(s), they can make the deposit required by this order of sale. With respect to the sale of the Golf Course only, the United States may bid as a creditor against its judgment without any tender of cash.

h. The successful bidder(s) shall pay the balance of the purchase price for the Hara Arena and/or the Golf Course within forty-five (45) days following the date of the sale. The money order, certified check, or cashier's check payable to the United States District Court for the Southern District of Ohio, shall be given to the receiver who will deposit the funds with the Clerk of this Court. If the bidder fails to fulfill this requirement, the sale shall be treated as null and void, and the deposit shall be forfeited as damages and applied to the judgment for the federal tax liabilities entered in this case, except that if such failure relates to the sale of Parcel No. H33-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, 1001 Shiloh Springs Road, Trotwood, Ohio, then the deposit shall be forfeited as damages and applied to the costs of sale and/or resale of Parcel No. H33-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, 1001 Shiloh Springs Road, Trotwood, Ohio; any excess of the forfeited deposit that remains after payment of those costs shall be distributed to the parties in accordance with their priority. The Clerk shall distribute the forfeited deposit as directed by the receiver by drawing a check made out to the "United States Treasury." The Hara Arena and/or the Golf Course shall be again offered for sale under the terms and conditions of this order of sale and as provided in the Foreclosure Judgment and Amended Foreclosure Judgment, or, in the alternative, sold to

14969567.1

the second highest bidder. The successful bidder(s) at the new sale or second highest bidder, as the case may be, shall receive such property free and clear of all rights and claims which include, without limitation, all parties to this suit and of the defaulting bidder(s).

i. The Clerk of the Court is directed to accept the deposits and proceeds of the sale and deposit them into the Court's registry for distribution pursuant to further Order of this Court.

j. The sale of the Hara Arena and/or the Golf Course shall be subject to confirmation by this Court. On confirmation of the sales, ownership and possession of the Hara Arena and/or the Golf Course shall transfer to the successful bidders. After the confirmation of the sale, the receiver shall execute and deliver a deed under the authority of this Court conveying the Hara Arena and/or the Golf Course to the purchaser(s). On confirmation of the sale, all interests in, liens against, and titles and claims to the Hara Arena and/or the Golf Course that are held or asserted by the parties to this action are discharged and extinguished. The United States' and PNC's liens attach to the proceeds of such sales in the same manner and priority as their respective liens attached to the Hara Arena and/or the Golf Course prior to their sale.

k. When this Court confirms the sale(s), the Recording Official of Montgomery County, Ohio, shall cause the transfer of the Hara Arena and/or the Golf Course to be reflected upon that county's register of title. The successful purchaser shall pay, in addition to the amount of the bid, any documentary stamps and Clerk's registry fees as provided by law

14969567.1

3. The Hara Arena and the Golf Course shall be offered for sale "as is" with all faults and without any warranties either expressed or implied, and the sale shall be made without any right of redemption.

4. The Ralph Parties and the Harold Parties shall not cause any damage to the Hara Arena and the Golf Course.

5. All persons occupying the Hara Arena and the Golf Course shall vacate the Hara Arena and the Golf Course permanently within 30 days of the date of this order of sale, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the Hara Arena and the Golf Course). If any person fails or refuses to vacate the Hara Arena and the Golf Course by the date specified in this order of sale, the receiver is authorized to coordinate with the United States Marshal to take all actions that are reasonably necessary to have those persons ejected. Any personal property remaining on the Hara Arena and the Golf Course 30 days after the date of this order of sale is deemed forfeited and abandoned, and the receiver is authorized to dispose of it in any manner deemed fit, including a sale, in which case the proceeds from the sale are to be applied first to the expenses of sale and the balance to be paid into the Court for further distribution. Checks for the purchase of the personal property shall be made out to the Clerk for the Southern District Court of Ohio and the Clerk of the Court is directed to accept these checks and deposit them into the Court's registry for distribution pursuant to further Order of this Court.

6. Until the confirmation of the public sale, or closing of the receivership sale, whatever the case may be, of the Hara Arena and/or the Golf Course, the receiver is authorized to have free access to the premises in order to take any and all actions necessary to preserve the Hara Arena and/or the Golf Course, including, but not limited to, retaining a locksmith or other person to

14969567.1

change or install locks or other security devices on any part of the Hara Arena and/or the Golf Course, and to prepare the properties for sale.

7. After the Court confirms the public sale, or after the closing of the receivership sale, whatever the case may be, of the Hara Arena and/or the Golf Course, the sales proceeds shall be applied to the following items, in the order specified:

    a. First, to the United States (IRS/PALS) for costs and expenses of the sale, including any costs and expenses incurred to secure or maintain the property pending sale and confirmation by the Court, or closing of the receivership sale, whatever the case may be;

    b. Second, to Montgomery County, or other local taxing authority, for real property taxes and other local assessments due and owing under 26 U.S.C. § 6323(b)(6);

    c. Third, to the plaintiff United States of America and the defendants as provided for in the Foreclosure Judgment and Amended Foreclosure Judgment. With respect to proceeds from the sale of Parcel No. H33-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, 1001 Shiloh Springs Road, Trotwood, Ohio, PNC shall receive an initial distribution in the amount of its outstanding mortgage lien, pursuant to the Amended Foreclosure Judgment, prior to any distributions to the United States or any other defendants. The proceeds distributed to the United States shall be applied toward the payment of the outstanding balances of the Estate of Harold W. Wampler, Jr.'s income tax liabilities for the periods ending August 31, 1998, August 31, 1999, August 31, 2000, and August 31, 2001, in the amount of $297,912.81 as of March 14, 2017, plus interest at the rate provided by the Internal Revenue Code (as directed in 28 U.S.C. §1961(c)(1)) (Docket No. 37)); and

11

d.  Fourth, any sales proceeds that shall remain after the satisfaction of the above Estate of Harold W. Wampler's tax liabilities shall be paid into the Court's registry (if not already deposited into the Court's registry pursuant to paragraph 2.h., above), pending further order of this Court as provided in the Foreclosure Judgment and Amended Foreclosure Judgment.

8.  No person or entity shall file suit against the receiver, or take other action against the receiver, without an order of this Court permitting the suit or action; provided, however, that no prior court order is required to file a motion in this action to enforce the provisions of this order or any other order of this court in this action.

IT IS SO ORDERED, ADJUDGED AND DECREED:

Signed this 7th day of March, 2017

_____
United States District Judge